IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

United States of America,      )
                               )
                               )
v.                             )        Criminal No. 9:14-cr-54-SB
                               )
                               )
Mary Mooney,                   )        **ORDER**
                               )
                    Defendant. )
_____)

This matter came before the Court on August 4, 2015, for a hearing on the Defendant's motion to withdraw her guilty plea. On January 14, 2015, the Defendant signed a written plea agreement and entered a guilty plea to an information charging her with "knowingly and willfully mak[ing] a false and fraudulent statement and misrepresentation with respect to a material fact intended to influence and affect . . . a decision by an accrediting agency, . . . with respect to the accreditation application of International Adoption Guides," in violation of 42 U.S.C. § 14944. (Entry 131.)

In her motion to withdraw her guilty plea, the Defendant asserts that the statute she was charged with violating did not apply to her or her former company, International Adoption Guides ("IAG"), on the dates charged in the information, and, therefore, she asserts that "it would be a legal impossibility for her to be guilty of violating the section." (Entry 142 at 10.) Essentially, the Defendant contends that IAG only provided adoption services in connection with Ethiopia and Kazakhstan—two countries that did not require accreditation under the law at the time. Consequently, the Defendant contends that it was not until the Intercountry Adoption Universal Accreditation Act of 2012 went into effect in 2014 that IAG would have been required to have accreditation to provide the adoption

services it actually provided. Based on this reasoning, the Defendant asserts that section 14944 did not apply to her or IAG on the dates charged in the information.

After review, and for the reasons stated by the Court during the hearing and for the reasons stated herein, the Court disagrees with the Defendant and finds that section 14944 did apply to her as of April 1, 2008.[1] Although the Intercountry Adoption Act of 2000 may not have required the Defendant and/or IAG to seek accreditation to provide adoption services in Ethiopia or Kazakhstan on the dates charged in the information, the fact remains that the Defendant *did seek accreditation* (regardless of whether it was required), and the law in effect as of April 1, 2008, plainly made it a crime to knowingly and willfully "make[ ] a false or fraudulent statement, or misrepresentation, with respect to a material fact, . . . intended to influence or affect. . . a decision by an accrediting entity with respect to the accreditation of an agency." 42 U.S.C.A. § 14944(a)(2)(A). Because the Defendant has admitted facts supporting the charge against her, the Court finds no basis to permit the Defendant to withdraw her guilty plea.

Accordingly, it is hereby **ORDERED** that the Defendant's motion to withdraw her guilty plea (Entry 142) is denied.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

August ___, 2015
Charleston, South Carolina

---

[1]  President Clinton signed the Intercountry Adoption Act of 2000 into law on October 6, 2000. Although enacted in 2000, the enforcement provisions, including the section the Defendant is charged with violating, did not become effective until April 1, 2008. See H.R. Rep. 106-691 at 32.