IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO: 9:14-000054-002 |
| | ) | |
| vs. | ) | |
| | ) | MOTION TO DISMISS |
| MARY MOONEY | ) | |
| | ) | |

      The above named Defendant, by and through her undersigned attorney alleges, upon belief, that this Honorable Court lacks jurisdiction to enter a final judgment and sentence against the Defendant in this matter.

      The Defendant was arrested on February 11, 2014 in Belize. Belize and the United States have an extradition treaty in force. The Extradition Treaty Article 14 provides for the Rule of Specialty.

      The Defendant Mary Mooney was indicted in the United States District Court for the District of South Carolina Beaufort Division alleging a violation of 18 U.S.C. § 371 Conspiracy to Commit Offense or Defraud the United States.

      Ms. Mooney, January 14th 2015 pled guilty to an information charging her with making a false statement with respect to an accreditation application in violation of 42 U.S.C. § 14944(c).

      Article 14 of the Extradition Treaty with Belize provides, inter alia, that a person may not be detained, tried or punished in the requesting state for an offense other than the offense for which extradition has been granted or a differently denominated offense based on the same facts on

which extradition was granted, provided such offense is extraditable, or is a lesser included offense.

The "rule of specialty" permits a person extradited to the United States to be tried only for the offense or offenses for which extradition was granted. See United States v. Rauscher, 119 U.S. 407, 430 (1886);

The record of the plea agreement or the colloquy contains no references to relinquishment of jurisdictional defense.

If the court should rule that there is no jurisdictional issue then the court should vacate the defendant's guilty plea based on ineffective assistance of counsel. Plea counsel was ineffective in researching and failure to inform the defendant of jurisdictional issues.

Plea counsel's performance was deficient for advising the defendant to accept a plea without fully investigating. The transcript and supporting documents of the August 4, 2014 hearing to request a withdrawal of the plea document a rushed plea agreement. The plea counsel had little time to investigate any possible defense and or jurisdictional issues.

August 4, 2014, plea counsel admitted on the record: Page 5, Line 17, Mr. Dickson: "But we admitted it without realizing the effective date of the statute. At least this lawyer didn't know it." Page 21, Line 16, Mr. Dickson: "And frankly, this lawyer was not aware of that at the time that I advised my client to plead guilty. It did come to my attention shortly thereafter, I had to do research also, and that was the delay in filing a motion, because I had to go back and read all this information that I had not seen before."

Indeed "counsel never gave any thought to the issue." While the validity of the legal challenge may have been "unclear" at the time of the plea, "uncertainty concerning a potential legal challenge may well provide a defendant a catalyst in plea negotiations with the State." Counsel's conduct was deficient because "[s]imply saying 'I never gave it a thought' falls short of the Sixth Amendment guarantee of effective assistance of counsel." Berry v. State, 675 S.E.2d 425 (S.C. 2009)

If an attorney does not understand, or is not familiar with the relevant law, he cannot fulfill his professional duty to his client. The "failure to become informed of the law affecting a client" cannot be considered a tactical decision. Luchenberg v. Smith, 79 F.3d 388 (4th Cir. 1996).

The record of the plea agreement and colloquy contain no reference to the relinquishment of a jurisdictional defense. Indeed, both the government and the trial court were under the erroneous impression that Baramdyka was extradited on count 8 when all parties now concede that he was not. Under these circumstances, we cannot find that Baramdyka's waiver of this jurisdictional defense was knowing or voluntary. Trial counsel's failure to determine this fact from the record of extradition constitutes deficient performance. US V. Baramdyka (9th Cir. 1996)

The Defendant asserts that her offense of conviction 42 U.S.C. § 14944(c) is not an extraditable offense nor is it a lesser included offense of 18 U.S.C. §371. This Court should dismiss the information and indictment and vacate the Defendant's guilty plea.

                Respectfully Submitted

                /s/ George B. Bishop, Jr.
                223 East Main Street
                P. O. Box 848
                Moncks Corner, S. C. 29461
                FED I.D. #4797
                ATTORNEY FOR DEFENDANT

Moncks Corner, South Carolina

Dated: August 2, 2016

Certificate of Service

      I hereby certify that on this date I cause one true copy to the written document to be served in the above-captioned case, via the court's e-noticing system, but if that means failed, then by regular mail, on all parties of record.

                                      /s/ George B. Bishop, Jr.
                                      George B. Bishop, Jr.