**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>MARY MOONEY, )<br>)<br>Defendant. )<br>_____ ) | No. 9:14-cr-00054-DCN-2<br><br>**ORDER** |

    This matter is before the court on defendant Mary Mooney's ("Mooney") motion to dismiss. For the reasons set forth below, the court denies Mooney's motion.

## I.  BACKGROUND

    Mooney was charged in a one-count indictment filed on January 21, 2014, alleging a conspiracy to defraud the United States in connection with allegedly fraudulent adoptions, in violation of 18 U.S.C. § 371. According to information provided to the court by the parties, a warrant was issued for Mooney's arrest, but she was in Belize at the time. On February 3, 2014, an agent with the Diplomatic Security Service ("DSS") provided a copy of the arrest warrant to a DSS agent assigned to the United States Embassy in Belmopan, Belize. On February 10, 2014, the DSS agent in Belize provided a copy of the warrant to the Belizean police, and on February 11, 2014, two Belizean police officers—with the assistance of a DSS agent and a United States Embassy employee—arrested Mooney and ultimately transported her to the international airport in Belize. An immigration officer reviewed the arrest warrant and Mooney's passport and issued an "Order to Leave Belize," which provided that Mooney is a "prohibited immigrant" and ordered her to leave Belize "immediately." See Order dated Feb. 11, 2014, ECF 231-1. After DSS agents booked Mooney, the same two Belizean police

1

officers then escorted her on a flight from Belize to Miami. When she arrived at the Miami International Airport, Mooney was arrested by DSS agents.

## II.   DISCUSSION

In her motion to dismiss, Mooney argues the court lacks jurisdiction to sentence her and enter a final judgment based upon an alleged violation of the Rule of Specialty set forth in Article 14 of the Treaty on Extradition between the United States and Belize.

The Rule of Specialty provides, in relevant part, that someone extradited pursuant to the extradition treaty "may not be detained, tried, or punished in the Requesting State except for: (a) the offense for which extradition has been granted or a differently denominated offense based on the same facts on which extradition was granted, provided such offense is extraditable, or is a lesser included offense." Treaty on Extradition, art. 14, Belize-U.S., March 30, 2000. Mooney contends the court lacks jurisdiction because she was indicted for a violation of 18 U.S.C. § 371, but she instead pleaded guilty to making a false statement with respect to an accreditation application in violation of 42 U.S.C. § 14944(c)—which she contends is not an extraditable offense or a lesser included offense of § 371.

After consideration, the court denies Mooney's motion to dismiss because, according to the information provided by the parties, the United States never initiated formal extradition proceedings or invoked the Extradition Treaty between the United States and Belize. Instead, the Belizean authorities issued Mooney an "Order to Leave Belize" pursuant to Belizean law. See ECF 231-1, Feb. 11, 2014 Order. Accordingly, the court finds that the Rule of Specialty does not apply, and Mooney may not rely upon an alleged violation of the extradition treaty as an impediment to this court's jurisdiction.

See, e.g., United States v. Valot, 625 F.2d 308, 310 (9th Cir. 1980) ("[W]here no demand for extradition is made by the United States and the defendant is deported by the authorities of the other country which is party to the treaty, no 'extradition' has occurred and failure to comply with the extradition treaty does not bar prosecution."). In addition, given the information of record, the court does not agree with Mooney that she is entitled to dismissal of this action—or that the court somehow lacks jurisdiction to sentence her and enter a final judgment—based upon her argument that her arrest and detention in Belize resulted in a "de facto" or "disguised" extradition. See United States v. Herbert, 313 F. Supp. 2d 324, 328–30 (S.D.N.Y. Apr. 8, 2004) (finding that a defendant who was not transferred pursuant to an extradition request could not raise a violation of the extradition treaty as an obstacle to the court's jurisdiction, and noting that the "extradition treaty between the United States and Belize is not the exclusive method by which the United States can gain custody over a Belizean national").

## IV.   CONCLUSION

For the foregoing reasons, Mooney's motion to dismiss is **DENIED**.

**AND IT IS SO ORDERED**.

                                                    **DAVID C. NORTON**
                                                  **UNITED STATES DISTRICT JUDGE**

**August 31, 2016**
**Charleston, South Carolina**