IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> vs. ) <br> ) <br> MARY MOONEY, ) <br> ) <br> Defendant. ) <br> _____) | No. 9:14-cr-00054-DCN-2 <br><br> **ORDER** |

This matter is before the court on defendant Mary Mooney's ("Mooney") motion to reconsider the court's order denying her motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 383 (citing ECF No. 379). For the reasons set forth below, the court dismisses the motion as an unauthorized second or successive § 2255 motion. In the alternative, the court denies the motion to reconsider because Mooney's arguments lack merit.

**I. BACKGROUND**

Because the parties are well-acquainted with this litigation, the court will provide only a brief recitation of the underlying facts and focus on the matters at hand. Mooney was the owner and executive director of International Adoption Guides ("IAG"), an organization that provided consulting and logistics services to parents seeking to adopt children from outside the United States. In 2006, Mooney applied for accreditation for IAG under the Intercountry Adoption Act of 2000, 42 U.S.C. §§ 14901–14954 (the "Act"), which governs international adoptions. To become accredited under the Act, an adoption service provider like IAG must apply to an "accrediting entity" designated by the State Department. See 42 U.S.C. §§ 14902(2), 14922(a). That entity then considers whether the provider satisfies specific professional requirements. See id. § 14923(b)

1

(establishing minimum requirements for accreditation); see also 22 C.F.R. §§ 96.29–.55 (outlining additional accreditation requirements). If accredited, the adoption service provider must continue to submit annual statements to the accrediting entity, confirming that it remains in substantial compliance with all relevant requirements. See 22 C.F.R. § 96.66(c).

In this case, Mooney submitted her application on behalf of IAG to the Council on Accreditation ("COA"), a designated accrediting entity, and the COA granted Mooney's application in 2008. Shortly thereafter, Mooney agreed to sell IAG to James Harding ("Harding"). Harding had previously applied for accreditation for his own adoption service organization, but that application had been denied because Harding lacked the qualifications required by regulation to run such an organization. Mooney and Harding agreed that once Mooney sold IAG to Harding, Harding would assume day-to-day control as the executive in charge of IAG's operations, but Mooney would remain executive director in name only so that IAG could maintain its accreditation. Neither Mooney nor Harding notified the COA of this change in leadership. In 2010 and 2011, in order to preserve IAG's accredited status, Mooney made the statements that eventually formed the basis for the plea at issue in this appeal: Mooney submitted statements to the COA falsely claiming that she remained in control of IAG and that the organization continued to be in substantial compliance with all applicable regulations—even though Harding, who lacked the required educational and professional qualifications, was actually in charge.

The United States of America (the "government") soon had reason to suspect that Mooney was doing more than making false statements and in fact was engaged in a

scheme to facilitate fraudulent adoptions. Specifically, emails between Mooney and her coworkers revealed that IAG was paying Ethiopian orphanages to sign contracts giving specific children up for adoption when those children had never lived in the orphanages and may not have even been orphans. The government also uncovered evidence that Mooney's employees then submitted those false contracts to Ethiopian courts and the U.S. State Department to expedite the children's adoptions. Based on this evidence, Mooney and three of her coworkers, including Harding, were indicted for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Harding and another co-defendant pleaded guilty to that conspiracy. Mooney refused to do so.

However, shortly before trial, Mooney sought to plead guilty to a violation of 42 U.S.C. § 14944(c), which prohibits the making of a false statement to an accrediting entity to obtain or maintain accreditation, and she in fact entered into a written plea agreement with the government. After the court held a full plea colloquy pursuant to Federal Rule of Criminal Procedure 11, but before sentencing, Mooney moved to withdraw her plea. The court found no basis to permit Mooney to withdraw her plea, denied the motion and ultimately sentenced Mooney to eighteen months' imprisonment and three years' supervised release and imposed a restitution obligation of $223,964.04.[1]

---

[1] Although Mooney conceded that the Rule 11 colloquy was properly conducted and comprehensive, she argued that she was rushed into the plea agreement, leaving her attorney without time to thoroughly research the elements of a § 14944(c) offense. Thereafter, Mooney argued, she discovered that § 14944(c) in fact did not apply to her 2010 and 2011 false statements, such that her guilty plea was to a non-existent criminal offense. Mooney's argument was as follows: When Mooney made her false statements in 2010 and 2011, the Intercountry Adoption Act required accreditation only of those organizations conducting adoptions under the Hague Convention on Protection of Children and Co-operation in Respect of Intercountry Adoption (the "Hague Convention"). It followed, Mooney argued, that the prohibition on false statements to accrediting entities laid out in § 14944 applied only to organizations then conducting

On September 12, 2017, Mooney filed an appeal on three issues: (1) whether the statute she pleaded guilty to applied to her conduct (i.e., whether she should have been permitted to withdraw her plea); (2) whether the court properly calculated the loss amount; and (3) and whether the restitution award was in error. On February 28, 2019, the Fourth Circuit affirmed her conviction. The Fourth Circuit explained that the Intercountry Adoption Act allows any agency to apply for accreditation, regardless of whether accreditation is legally required. And under the plain and broad terms of § 14944, any person who makes a false statement to influence the decision of an accrediting entity is subject to criminal penalties. On March 14, 2019, Mooney requested rehearing en banc, which was denied. During the course of her prosecution, Mooney was represented by five different attorneys, with Mooney relieving and requiring new counsel seemingly at every turn.

---

adoptions in countries that were parties to the Hague Convention. And, Mooney finished, because IAG provided adoption services in 2010 and 2011 only in connection with two countries that were not parties to the Hague Convention and thus did not require accreditation—Ethiopia and Kazakhstan—her false statements to the accrediting entity could not constitute violations of § 14944(c). After a hearing, the court denied Mooney's motion to withdraw her plea, rejecting Mooney's argument that § 14944(c) did not apply to her false statements. The court recognized that when Mooney made her false statements, she may not have been required to seek accreditation for IAG. But, the court explained, the fact remained that Mooney did seek accreditation—regardless of whether it was required. And once Mooney applied for accreditation, § 14944 plainly made it a crime to make false statements to an accrediting entity in order to influence its decision. The Fourth Circuit affirmed and agreed with that reasoning. See United States v. Mooney, 761 F. App'x 213, 219 (4th Cir. 2019) ("[Section] 14944(c) prohibits the making of a false statement to an accrediting entity to influence the accreditation decision, regardless of whether that accreditation is legally required."); id. at 218 ("[W]hat matters under § 14944(c) is not whether Mooney was required to seek accreditation, what matters is that she did seek accreditation, and then made false statements to maintain that accreditation.").

On October 17, 2019, Mooney, proceeding pro se, filed a petition to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. ECF No. 336. On April 26, 2022, the court denied Mooney's motion to vacate her sentence pursuant to 28 U.S.C. § 2255.[2] ECF No. 379 (the "April Order"). On June 14, 2022, Mooney filed a motion for reconsideration of the April Order. ECF No. 383. The government responded in opposition on September 22, 2022, ECF No. 391, and Mooney did not reply. As such, the motion has been fully briefed and is ripe for the court's review.

## II.  STANDARD

### A.  Motion to Alter or Amend

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment. The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). To qualify for reconsideration under the third exception, an order cannot merely be "maybe or probably" wrong; it must be "dead

---

[2] In that order the court also found as moot Mooney's motion for recusal, ECF No. 378, and her motion for a status update, ECF No. 368. The court denied Mooney's motion to appoint counsel, ECF No. 378, her motion for hearing, ECF No. 372, and her motion for leave to file, ECF No. 372. The instant motion for reconsideration does not appear to dispute any of these holdings, and so the court confines its reconsideration to its denial of her § 2255 motion.

5

wrong," so as to strike the court "with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 1995 WL 520978, *5 n.6 (4th Cir. 1995) (unpublished)). "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." Consulting Eng'rs, Inc. v. Geometric Software Sols. & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007). Ultimately, the decision whether to reconsider an order resulting in judgment pursuant to Rule 59(e) is within the discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

### B. Pro Se Litigants

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

A motion for reconsideration of a ruling denying a § 2255 motion is "treated either as one under Rule 59(e) or as one under Rule 60(b) [of the Federal Rules of Civil Procedure], a classification typically dependent on the date the motion is filed." See Vargas v. United States, 2010 WL 11565414, at *2 (D.S.C. Dec. 20, 2010). However, as

6

a Rule 59(e) motion, Mooney's motion is untimely. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e)'s time limitation also applies to motions for reconsideration of § 2255 orders. United States v. Prysock, 2012 WL 12836664, at *1 (D.S.C. Dec. 4, 2012). "The district court [i]s without power to enlarge the time for filing a Rule 59(e) motion." United States v. Griffin, 397 F. App'x 902, 903 (4th Cir. 2010) (citing Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001)). The court entered judgment in this case on April 26, 2022, ECF No. 379, and Mooney filed her motion for reconsideration on June 14, 2021, forty-nine days after judgment was entered. ECF No. 391 at 2. Mooney claims that she mailed her motion to reconsider to the court and that it was received on May 23, 2022, but in so doing she failed to follow the required procedures and her motion was therefore not filed on that date.[3] ECF No. 384. Thus, the court is precluded from finding that her motion to reconsider was timely filed. See Griffin, 397 F. App'x at 903.

Furthermore, even if the court were to construe Mooney's petition as timely, it is without merit. In the scenario where Mooney's petition is timely, the court would construe it under Rule 59(e). In the alternative, the court could analyze the petition under Rule 60(b) since the petition was not timely filed. For the sake of thoroughness, the court

---

[3] Mooney mailed her motion directly to "Judge Norton," not to the Clerk of Court, and the documents were not marked as received for filing since that is the incorrect way to file a motion. See ECF No. 384 at 3. As specified in the Local Rules, "[n]on-electronic (paper) filing is authorized only in limited circumstances," and "[n]on-electronic documents may be filed with the Court Services section of the office of the clerk of court." Local Civ. Rule 5.02(B) (D.S.C.). Thus, Mooney's petition was not correctly filed.

analyzes whether her petition has merit under either standard and ultimately finds that both standards warrant dismissal.

### A. Fed. R. Civ. P. 59(e)

The Fourth Circuit has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (quoting Pac. Ins. Co., 148 F.3d at 403). Accordingly, "the rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pac. Ins. Co., 148 F.3d at 403 (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). A party moving pursuant to Rule 59 must demonstrate more than "mere disagreement" with the court's order to succeed on a Rule 59(e) motion. Hutchinson, 994 F.2d at 1082. Furthermore, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." Pac. Ins. Co., 143 F.3d at 403.

Even if the court were to consider Mooney's motion to reconsider to be timely filed—which it does not—her arguments do not reach the threshold necessary for reconsideration under the high bar of Rule 59(e).

To start, Mooney raises new arguments that she could have raised in her original petition—as such, those arguments operate as an unauthorized successive § 2255 motion

that the court must dismiss for lack of jurisdiction. United States v. Williams, 753 F. App'x 176, 177 (4th Cir. 2019) (citation omitted). Mooney argues that the court imposed a sentence that "was based on a sentencing enhancement that was a misapprehension of law." ECF No. 383 at 1–2. Similarly, she argues that the restitution imposed for the Kazakhstan adoptions inappropriately increased her sentence "in violation of [the United States Sentencing Guidelines] [and] the laws and Treaties of the United States." Id. at 4–5. These claims are without merit for two reasons.

First, they are new claims that Mooney failed to raise in her original § 2255 petition—which focused on alleged prosecutorial misconduct and ineffective assistance of counsel by all five of her attorneys—and consequently raising them now operates as an unauthorized successive § 2255 motion that the court must dismiss for lack of jurisdiction. Williams, 753 F. App'x at 177 (citing United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003), abrogated in part on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir. 2015)). Specifically, Mooney repeats the same arguments about prosecutorial misconduct or attorney malpractice that she articulated in her previous § 2255 motion, which the court has fully evaluated and found to be without merit.[4] See

---

[4] Specifically, the court construes her motion to reconsider as reiterating her arguments for ineffective assistance of counsel for both her third attorney and her fourth and fifth attorneys. As the government emphasizes, appropriate grounds for relief under Rule 59(e) are newly discovered evidence, clear error, manifest injustice, or an intervening change in controlling law. Mooney has neither identified nor argued any grounds for relief that would appropriately be considered under Rule 59(e). Nevertheless, the court considers her arguments in turn.

First, Mooney argues, once again, that her third attorney's conduct during the sentencing hearing was ineffective because Mooney "was not advised by her lawyer that she could be required to pay restitution of any amount or [that] any loss amount could increase her sentence." ECF No. 383 at 5. This argument merely restates the arguments raised in her § 2255 motion. ECF No. 336-1 at 25–32, 38–40. The court points Mooney to its order where the court walked through each of her arguments regarding her attorney's conduct

Griffin, 397 F. App'x at 903 (noting that when a motion to reconsider only attacks the merits of the underlying order, rather than a defect in the § 2255 proceeding, the reconsideration motion should be construed as an unauthorized second or successive § 2255 motion and dismissed on that basis).

Second, even if the court were to consider the merits of that argument, the government properly identifies that Mooney's plea agreement bars all claims outside of ineffective assistance of counsel and prosecutorial misconduct. See ECF No. 391 at 2–4. In the Fourth Circuit, a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). To hear Mooney's direct appeal, the Fourth Circuit had to first determine whether the plea agreement and consequently the waiver-of-appeal rights was tainted by constitutional error. Mooney, 761 F. App'x at 217. The Fourth Circuit found the plea agreement—including the waiver—to be valid. Id. at 217, 219. Further, the Fourth Circuit explicitly considered Mooney's claims of sentencing and restitution on direct appeal and found them to "fall within the scope of the valid waiver." Id. at 220. Thus,

---

at sentencing and found that the conduct as alleged clearly did not rise to the level of ineffective assistance of counsel. ECF No. 379 at 20–23.

Second, Mooney reiterates her incorrect understanding of the law regarding the United States treaties and countries subject to the "Hague Convention," which the court construes as Mooney claiming her fourth and fifth attorneys provided ineffective assistance of counsel. ECF No. 383 at 2–5. This is not a new argument. ECF No. 336-1 at 42–43. As the government emphasizes, and as the court has explained at length, the fact that a treaty required some countries to obtain COA accreditation for adoption agencies does not mean that other countries are prohibited from requiring the accreditation on their own initiative. ECF Nos. 379 at 20–29, 391 at 5–6. Her counsel raised this argument at sentencing and lost. ECF No. 379 at 30. Losing an argument does not make an attorney's assistance ineffective.

this court would find any claims outside of those permitted by the plea agreement to be waived even if it were to reach the merits of Mooney's sentencing and restitution claims.

In sum, Mooney has not identified a change in law, nor has she presented the court with new evidence. Furthermore, Mooney has not demonstrated to the court that there is a clear error of law or that manifest injustice is present. Rather, Mooney's motion expresses mere disagreement with the April Order, which does not support a Rule 59(e) motion. See Hutchinson, 994 F.2d at 1082. Accordingly, Mooney's motion to reconsider operates as an unauthorized successive § 2255 motion and must be dismissed for lack of jurisdiction. In the alternative, the court denies the motion to reconsider because her arguments lack merit.

### B. Fed. R. Civ. P. 60(b)

When a motion to reconsider is untimely, courts construe the motion as one filed under Rule 60(b). See Winestock, 340 F.3d at 208 (4th Cir. 2003) ("We focus on Fed. R. Civ. P. 60(b), because [the defendant]'s motion was filed more than [the requisite number of] days after the entry of judgment."); Vargas, 2010 WL 11565414, at *2 (noting that if a motion is not filed within the 28-day period set for Rule 59(e) motions, it "will be examined under Rule 60(b)"); Prysock, 2012 WL 12836664, at *1 (construing an untimely Rule 59(e) motion to alter or amend as a Rule 60(b) motion). Accordingly, the court construes Mooney's motion as a Rule 60(b) motion.

"Under Fourth Circuit jurisprudence, a movant seeking relief under Rule 60(b) must first make four threshold showings before the court will even consider the six itemized grounds of relief." Coomer v. Coomer, 2000 WL 1005211, at *4 (4th Cir. 2000) (unpublished table opinion, per curiam).

> The four threshold showings are: (1) <u>timeliness</u> (<u>i.e.</u>, the request for relief must be filed no later than one year after the date of the order from which the movant seeks relief); (2) <u>a meritorious defense</u> (<u>i.e.</u>, the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims); (3) <u>a lack of unfair prejudice to the opposing party</u>; and (4) <u>exceptional circumstances</u>.

<u>Id.</u> (citing <u>Dowell v. State Fire & Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir. 1993)) (emphases in original).

"In the unlikely event that the moving party can clear this onerous four-part threshold, [s]he must then satisfy one of the six enumerated factors set forth in Rule 60(b)." <u>Id.</u> at *4. Specifically, Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The district court is required to distinguish proper Rule 60(b) motions from a "successive application in 60(b)'s clothing." <u>Winestock</u>, 340 F.3d at 207. Guidance from the Fourth Circuit explains that "a motion directly attacking the [petitioner's] conviction or sentence will usually amount to a successive application, while a motion

seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id.

For the same reasons explained in the court's Rule 59(e) analysis, Mooney's motion to reconsider must be dismissed as an unauthorized successive § 2255 motion. To reiterate, she either raises new arguments that should have been raised on the first § 2255 motion or seeks review of the underlying merits of the § 2255 motion. See generally ECF No. 383. She raises no arguments that could be construed as seeking a remedy for some defect in the collateral review process—at most she argues that the court applied the incorrect standard of law in its motion. Id. at 2. But, Mooney's erroneous understanding of the law—and therefore the perceived misapplication of the law by the court on collateral review—was considered by the court and the Fourth Circuit, and found to be without merit.[5] See, e.g., Mooney, 761 F. App'x at 216, 218–19 ("[T]he district court correctly held that § 14944(c) prohibits the making of a false

---

[5] Specifically, Mooney argues that the court's basis for finding a loss "was that Kazakhstan on it's [sic] own required COA accreditation," which meant that the court's "finding that Kazakhstan families could be victims was based on a misapprehension of law." ECF No. 383 at 2. She claims that the law from the Convention of 29 May 1993 on Protection of Children and Co-operation in Respect of Intercountry Adoption and Treaty law "prevented Kazakhstan from required accreditation before it fully implemented the Convention." Id. This is a convoluted argument to untangle because it attacks the merits of the underlying sentencing's reliance on the Kazakhstan adoptions as a factor in the loss calculation—it does not directly attack the court's Strickland v. Washington, 466 U.S. 668, 687–96 (1984), analysis of ineffective assistance of counsel in the § 2255 order. See ECF No. 379 at 17–18, 20–23, 24–30. To reiterate, the court found that her counsel did in fact argue—strongly and on multiple occasions—that the Kazakhstan adoptions were not relevant to the sentencing and should not be considered. The court noted that her attorneys consistently lost that argument, but their failure to win does not make their conduct ineffective. Mooney does not directly challenge the court's finding that her counsel competently litigated that issue—as the court noted in its order, "Mooney's qualm is with the result, not the attorneys' conduct." ECF No. 379 at 29–30. The only person misapprehending the law is Mooney, and the court does not find that to amount to a meritorious defense or even exceptional circumstances.

13

statement to an accrediting entity to influence the accreditation decision, regardless of whether that accreditation is legally required."). Consequently, her motion operates as an unauthorized successive § 2255 motion and it must be dismissed on that basis. Griffin, 397 F. App'x at 903; Winestock, 300 F.3d at 207 (holding that if a district court determines a motion to reconsider is tantamount to a successive application, "the court must either dismiss the motion for lack of jurisdiction or transfer it to [the Fourth Circuit] so that [it] may perform [its] gatekeeping function under § 2244(b)(3)"). Mooney's arguments were not properly raised under Rule 60(b) and therefore they need not be considered under that standard. For the same reasons explained in the court's analysis under Fed. R. Civ. P. 59(e), supra, Mooney's motion to reconsider must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons the court **DISMISSES** Mooney's motion to reconsider the court's denial of her motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255 as an unauthorized successive § 2255 petition. In the alternative, the court **DENIES** the motion to reconsider because Mooney's arguments lack merit.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 20, 2023**
**Charleston, South Carolina**